## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SCOTT ACQUISITION CORP., *et al¹.,* | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Case No. 04-12594 |
| | ) | |
| _____ | ) | |
| | ) | (Jointly Administered) |
| MONTAGUE S. CLAYBROOK, AS | ) | |
| CHAPTER 7 TRUSTEE OF THE ESTATES | ) | |
| OF SCOTT ACQUISITION CORP., *et al.,* | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-79726 |
| | ) | |
| v. | ) | |
| | ) | |
| Broad and Cassel, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION OF BROAD & CASSEL, P.A. FOR WITHDRAWAL OF THE REFERENCE
### TO THE BANKRUPTCY COURT AND DEMAND FOR JURY TRIAL

Defendant Broad & Cassel, P.A. ("Broad & Cassel") hereby files this Motion, pursuant to

28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011 and Rule 5011-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware, seeking an order from the District Court withdrawing the reference to the

United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of the

above captioned adversary proceeding and demanding jury trial and, in support thereof, states as

follows:

---

¹ The Debtors include Scott Acquisition Corp. and Scotty's, Inc.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      On or about September 10, 2004, Scott Acquisition Corp. ("Scott" or "Debtor") filed its Voluntary Petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Code" or "Bankruptcy Code"). Pursuant to 28 U.S.C. § 157(a), the case was automatically referred to the Bankruptcy Court.

2.      The case was converted to one under Chapter 7 of the Bankruptcy Code, and Montague S. Claybrook was appointed as Chapter 7 Trustee ("Trustee" or "Plaintiff") of the Debtors' estates.

3.      On October 12, 2005, Plaintiff initiated an adversary proceeding ("Adversary Proceeding") by filing a complaint ("Complaint") seeking the recovery of certain payments made by the Debtor to Broad & Cassel pursuant to § 547 of the Bankruptcy Code.

4.      Broad & Cassel has not yet filed a response to the Complaint[2], nor did it file a proof of claim in the main bankruptcy case.

5.       Broad & Cassel hereby demands a jury trial in the Adversary Proceeding. The Bankruptcy Court lacks jurisdiction to conduct jury trials and, therefore, Broad & Cassel is entitled to a jury trial before the District Court.

6.      Broad & Cassel hereby files the instant motion to withdraw the reference and demanding a jury trial requesting that the automatic reference of this adversary proceeding be withdrawn, and the matter proceed before the District Court, the only court in which a jury trial in this matter may be conducted.

---

[2] By Stipulation of the parties, the approval of which is pending by Motion currently before this Court, the deadline for Broad & Cassel to answer or otherwise respond has not yet come due. If and when it becomes necessary for Broad & Cassel to file a response, such response will include a prayer for a jury trial.

2

## BASIS FOR RELIEF

7.      The withdrawal of the reference of bankruptcy cases and proceedings is governed

by 28 U.S.C. §157(d).  Section 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding
> referred under this section, on its own motion or on timely motion of any party,
> for cause shown.  The district court shall, on timely motion of any party, so
> withdraw a proceeding if the court determines that resolution of the proceeding
> requires consideration of both title 11 and other laws of the United States
> regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d).

8.      There is no statutory definition of "cause" under 28 U.S.C. § 157(d).  The Third

Circuit has instructed district courts to consider (in addition to the timing of the request), whether

withdrawal of the reference will (i) promote uniformity of bankruptcy administration, (ii) reduce

forum shopping and confusion; (iii) foster economical use of debtor/creditor resources; (iv)

expedite the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990) (adopting

*Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

9.      More significantly, the Supreme Court has made clear that in a preference action,

the Seventh Amendment right to a trial by jury is available to a defendant that has not filed a

proof of claim in the debtor's bankruptcy case. *See Langenkamp v. Culp*, 111 S.C. 330 (1990).

Therefore, withdrawal of the reference is appropriate, given the inability of the bankruptcy court

to conduct the jury trial.  Broad & Cassel has not filed a proof of claim, it has a demanded a trial

by jury, and it does not consent to any such trial taking place in the bankruptcy court.  Therefore,

the reference of this adversary proceeding should be withdrawn at this time. *See, e.g., In re Just*

*for Feet, Inc.*, 2002 WL 550035 (Bankr. D. Del. April 4, 2002) (because defendant was entitled

to jury trial in preference action and it did not file proof of claim, the motion to withdraw reference should be granted).[3]

10.    Other cases specifically support withdrawal of the reference to protect a party's right to a jury trial. *See, e.g. In re Orion Pictures Corporation*, 4 F.3d 1095, 1101 (2d Cir.1993), *cert. denied*, 511 U.S. 928 (1994); *In re Rickel & Associates, Inc.*, 2003 WL 23021972 (S.D.N.Y. 2003); and *compare Beard v. Braunstein*, 914 F.2d 434 (3d Cir.1990).  As articulated by this Court in *In re NDEP Corp.*, 203 B.R. 905 at 908, *citing* 28 U.S.C. § 157(e) (De. Bankr. 1996), "…absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in this non-core proceeding."  In this case, Broad & Cassel is entitled to a jury trial but does not consent to it being conducted in the Bankruptcy Court.  For this reason, cause exists to immediately withdraw the reference of this adversary proceeding.  There is no reason to conduct any further proceedings in the Bankruptcy Court when the District Court will ultimately conduct the trial, and the District Court is capable of handling the matter in its entirety.

11.    A review of the *NDEP* case is instructive.  In *NDEP*, the plaintiff debtor instituted an adversary proceeding alleging breach of contract, and sought the recovery of damages in the approximate amount of $68,000.  The defendant answered, denied liability, raised several affirmative defenses, asserted several counterclaims, and demanded a trial by jury.  The defendant had not filed a proof of claim in the debtor/plaintiff's bankruptcy case.  In addition, the defendant moved to withdraw the reference.  After concluding that the defendant was entitled to a trial by jury, this Court granted the motion, and withdrew the reference of the adversary proceeding.  As the Court reasoned:

---

[3]    *But see In re Big V. Holding Corp.*, 2002 WL 1482392 (D. Del. July 11, 2002)(assuming a jury trial demand was actually made by one of the parties, "the Bankruptcy Court [would] preside over pretrial matters until the case is ready to be tried in the District Court").

4

"Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation."

*NDEP*, 203 B.R. at 913 (*quoting Gumport v. Growth Fin. Corp.* (*In re Transcon Lines*), 121 B.R. 837, 838 (C.D. Cal. 1990)).

<u>**WAIVER OF BRIEFING**</u>

Pursuant to D. Del. LR 7.1.2, Broad & Cassel believes that, given the straightforward and limited issues raised by this Motion, full briefing is not required. However, Broad & Cassel reserves its right to file a reply to the extent required.

WHEREFORE, Broad & Cassel, P.A. respectfully requests that the Court withdraw the reference of this adversary proceeding, that Broad & Cassel is granted a jury trial in this Adversary Proceeding, and that the Court grant Broad & Cassel such other and further relief as the Court deems necessary and proper.

BUCHANAN INGERSOLL PC

Dated: November 21, 2005
Wilmington, Delaware

/s/ William D. Sullivan
William D. Sullivan, Esq. (#2820)
Margaret M. Manning, Esq. (#4183)
1007 North Orange Street, Suite 1110
Wilmington, DE 19801
Tel: (302) 428-5500
Fax: (302) 428-2996

#738402-v1